UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

DANA KING,

                Plaintiff,

      -against-

DR. HER KEMO [sic],

                Defendant.

--------------------------------------------------------X

FEUERSTEIN, J.

**OPINION & ORDER**
12-CV-361(SJF)(AKT)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   AUG 23 2012   ★

**LONG ISLAND OFFICE**

I.    Introduction

On January 23, 2012, incarcerated *pro se* plaintiff Dana King ("plaintiff") filed a

complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants, Dr. Herkoma

("Herkoma"), i/s/a Dr. Her Kemo; Dr. Geraci; Vincent F. DeMarco ("DeMarco"), the Suffolk

County Sheriff; and Charles Ewald ("Ewald"), the Warden of the Suffolk County Correctional

Facility ("SCCF"), accompanied by an application to proceed *in forma pauperis*. By order dated

February 15, 2012, plaintiff's application to proceed *in forma pauperis* was granted and

plaintiff's claims against DeMarco, Ewald and Geraci were *sua sponte* dismissed with prejudice

pursuant to 28 U.S.C. §§ 1915 and 1915A unless plaintiff filed an amended complaint alleging

the personal involvement of those defendants in the alleged constitutional deprivations on or

before March 19, 2012. On February 21, 2012, the Clerk of the Court served the February 15,

2012 order with notice of entry upon plaintiff by mailing a copy thereof to plaintiff at his address

of record, as modified on February 17, 2012. On March 19, 2012, an answer was filed on behalf

of Geraci and DeMarco by the Suffolk County Attorney's Office.[1]

Plaintiff did not file an amended complaint in accordance with the February 15, 2012 order, although it appears from the docket sheet that at some time prior to March 23, 2012, plaintiff attempted to file a document designated as an "Amendment" with the Court, but that the Court's *pro se* office returned the document to plaintiff on the basis that it failed to indicate that all parties or their attorneys had been served with a copy thereof. (Doc. No. 12). By letter dated April 11, 2012, plaintiff advised the Court that "there will be a slight delay" in serving and filing the amended complaint because there was not enough money in his commissary account to cover the cost of copying and mailing.

On May 3, 2012, plaintiff filed a handwritten document which the Court construes as an amended complaint. In the amended complaint, plaintiff alleges that upon his incarceration at the Yaphank Correctional Facility, he was assigned to a top bunk even though he was wearing a knee brace and was told that he needed to see a doctor in order to be assigned to a bottom bunk. (Amend. Compl. at p. 1). On October 6, 2011, he saw Kemo, who diagnosed him with arthritis in his left knee, told him to lose weight, refused to order him assigned to a bottom bunk bed and ordered the officer on duty to take away his knee brace. (Id.) Plaintiff further alleges that he informed Geraci, Ewald and DeMarco in writing about this matter, but received no reply from any of them. (Amend. Compl., at p. 2).

Plaintiff alleges that on January 5, 2012, upon being transferred back to the Yaphank

---

[1] By letter dated May 4, 2012, the Suffolk County Attorney's Office advised the Court, *inter alia*, that it represented Geraci, DeMarco and Ewald in this action, but that the answer that it had interposed on behalf of Geraci and DeMarco had been filed in error because it had not known at the time the answer was filed that the claims against those defendants had previously been dismissed *sua sponte*.

Correctional Facility from the Riverhead Correctional Facility, he was again assigned to a top

bunk and told that he needed to see a doctor to have the assignment changed. (Amend. Compl.,

at p. 2). According to plaintiff, he re-injured his knee and hurt his lower back while "dealing

with the top bunk assign [sic] to [him]." (Amend. Compl., at p. 2).

Plaintiff seeks damages in the amount of twenty million dollars ($20,000,000.00).

(Amend. Compl., at p. 2).


III.    Discussion

Although plaintiff did not properly file an amended complaint in accordance with the

February 15, 2012 order, it appears that he attempted to file an amended complaint either within

the time prescribed, or very shortly thereafter. Moreover, upon being advised that he also needed

to serve the amended complaint upon all parties, plaintiff did not unduly delay in seeking, in

essence, an extension of time to do so, i.e., by advising the Court of the reason for his delay.

Considering plaintiff's status as an incarcerated *pro se* litigant; the fact that he has not unduly

delayed in complying with the February 15, 2012 order or in prosecuting this action to date; and

the fact that the amended complaint arguably alleges a plausible Section 1983 claim against

Geraci, DeMarco and Ewald based upon their failure to take corrective action after learning of

Herkoma's purportedly unlawful conduct, the amended complaint is accepted for filing *nunc pro

tunc*. The Clerk of the Court shall: (1) issue summonses for Geraci, DeMarco and Ewald; (2)

cause the United States Marshal Service to serve the summonses and amended complaint,

together with a copy of this order, upon all defendants without prepayment of the filing fee; and

(3) serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil

Procedure, including mailing a copy of the Order to the *pro se* plaintiff at his last known address, *see* Fed. R. Civ. P. 5(b)(2)(C).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.                                  s/ Sandra J. Feuerstein

                                             _____
                                             Sandra J. Feuerstein
                                             United States District Judge

Dated: August 23, 2012
       Central Islip, New York